# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| GEORGE J. MARCUS, ET AL., ) <br> ) <br> PLAINTIFFS ) <br> ) <br> v. ) <br> ) <br> ALLIED WORLD INSURANCE ) <br> COMPANY, ) <br> ) <br> DEFENDANT ) | CIVIL NO. 2:18-CV-253-DBH |

## PROCEDURAL ORDER

I am preparing for oral argument on cross-motions for summary judgment in this lawyers' professional liability insurance (LPL) coverage case. The insurer Allied World Insurance Company (Allied) says that the Investment Exclusion in its LPL Policy (see ECF No. 1-2) bars coverage in two underlying lawsuits. See Def.'s Cross-Mot. for Summ. J. & Opp'n to Pl.'s Mot. for Summ. J. (Def.'s Opp'n) at 20 (ECF No. 29). The insured disagrees. Allied maintains that its Investment Exclusion is "a common feature of lawyers professional liability policies," Def.'s Reply Mem. at 8 n.5 (ECF No. 43), and that "as plainly written, [it] may be broad," but it is not thereby inapplicable, Def.'s Opp'n at 21.

The parties have not pointed me to any source that says that an investment exclusion is a "common feature" of LPL policies, or what is a broad or narrow scope for such an exclusion.[1] I have been unable to find a

---

[1] They do discuss two cases involving Darwin National Assurance Company policies that featured similar or identical exclusion language. Def.'s Cross-Mot. for Summ. J. & Opp'n to Pl.'s Mot. for
*(continued next page)*

standardized LPL policy, and the Appleman insurance treatise tells me that the ISO (Insurance Services Office) stopped supporting LPL language in 2003.[2]

I have, however, been able to locate, via a webpage, what are apparently twelve actual LPL policies from other insurers with varying language (or no language at all) on investment exclusions.[3] By March 21, 2019, the parties shall address whether these identified policies are representative, such that I should consider them in interpreting the language in the Allied policy, or whether there is some other source that will tell me where Allied got its Investment Exclusion language, how common it is, and how broad or narrow its scope is.

**SO ORDERED.**

**DATED THIS 28TH DAY OF FEBRUARY, 2019**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

Summ. J. (Def.'s Opp'n) at 22-23 (ECF No. 29) (discussing Darwin Nat'l Assur. Co. v. Rosenthal, 2014 U.S. Dist. LEXIS 135207 (C.D. Cal. Sept. 24, 2014) and Christensen v. Darwin Nat'l Assur. Co., 2014 U.S. Dist. LEXIS 52069 (D. Nev. Apr. 14, 2014)).

[2] See 3 New Appleman on Insurance Law Library Edition § 25.07[2] nn.321, 322 (2018). The Appleman treatise does discuss coverage of investment advice, but in the context of whether it constitutes "professional services" under an LPL policy (the treatise says the courts are split on that point), not in the context of interpreting language in an exclusion provision. Id. § 25.07[2][g].

[3] See Lawyers Insurance Group, "Legal Malpractice Insurance Policy," *available at* http://lawyersinsurer.com/legal-malpractice-insurance-policy/ (last visited Feb. 27, 2019).